UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| WILLIAM RILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17 CV 368 |
| | ) | |
| LAKE COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION and ORDER

This matter is before the court on defendant Lake County's motion to dismiss. (DE # 15.) For the reasons identified below, defendant's motion is denied.

I.  BACKGROUND

Plaintiff William Riley's first amended complaint alleges that defendant deputy sheriff E. Saavaedra or defendant deputy sheriff R. Watts used excessive force against him at the Lake County Jail. (DE # 11 at 2.) Plaintiff also alleges that defendant Lake County, Indiana is liable to indemnify the deputy sheriff defendants pursuant to Indiana law.

Lake County now moves to dismiss the claim against it, for failure to state a claim. (DE ## 15, 16.) Lake County argues that plaintiff's indemnification claim should be dismissed for the following reasons: (1) the amended complaint does not cite case law; (2) the amended complaint seeks indemnification for a tort, but does not identify what tort the deputy sheriffs allegedly committed; (3) plaintiff improperly pursues a theory of *respondeat superior* liability against Lake County; and (4) Lake County does not

employ the deputy sheriff defendants and thus is not the proper party from whom to seek indemnification.

## II. LEGAL STANDARD

A judge reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Reger Dev., LLC v. Nat'l City Bank,* 595 F.3d 759, 763 (7th Cir. 2010). Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## III. ANALYSIS

### A. *Lack of Citations to Authority in the Amended Complaint*

Lake County's first argument – that plaintiff's amended complaint should be dismissed for failure to cite case law – plainly lacks merit.[1] Under the federal notice-pleading standard, a pleading need only contain three things: "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has

---

[1] Defense counsel is reminded of his obligation, pursuant to Federal Rule of Civil Procedure 11, to present only good-faith arguments to the court. Counsel is warned that similarly frivolous arguments in the future may result in the imposition of sanctions.

jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). A plaintiff need not provide citations to authority within the complaint. *See e.g. Holleman v. Weist*, 202 F.3d 273 (7th Cir. 1999) (unpublished) ("Under notice pleading, it was neither necessary nor desirable for [plaintiff] to include case citations in the complaint itself."). Thus, the first ground identified in Lake County's motion does not serve as a basis for dismissal.

    B.    *Plaintiff does not Allege a Tort Claim*

Lake County's second argument is similarly unavailing. According to Lake County, while plaintiff's amended complaint alleges that public entities are required to indemnify its employees for any tort judgment, plaintiff has not specifically alleged what tort was committed. Defense counsel appears to be under the mistaken impression that Indiana law only indemnifies judgments for state law torts. However, Indiana has two indemnification statutes, one of which provides indemnification for civil rights violations and plainly applies to this case. The statute states:

> If a present or former public employee, including a member of a board, a committee, a commission, an authority, or another instrumentality of a governmental entity, is or could be subject to personal civil liability for a loss occurring because of a noncriminal act or omission within the scope of the public employee's employment **which violates the civil rights laws of the United States**, the governmental entity (when the governmental entity defends or has the opportunity to defend the public employee) shall, subject to IC 34-13-3-4, IC 34-13-3-14, IC 34-13-3-15, and IC 34-13-3-16, pay:
>     (1) any judgment (other than for punitive damages) of the claim or

3

suit; or
    (2) any judgment for punitive damages, compromise, or settlement of the claim or suit if:
        (A) the governor, in the case of a claim or suit against a state employee; or
        (B) the governing body of the political subdivision, in the case of a claim or suit against an employee of a political subdivision; determines that paying the judgment for punitive damages, compromise, or settlement is in the best interest of the governmental entity. The governmental entity shall also pay all costs and fees incurred by or on behalf of a public employee in defense of the claim or suit.

Ind. Code § 34-13-4-1 (emphasis added). The statute expressly applies to constitutional torts, such as the one plaintiff identifies in the amended complaint. Therefore, the second ground identified by Lake County does not serve as a basis for dismissal.

    C.    Respondeat Superior *Liability*

Lake County argues that plaintiff's indemnification claim must be dismissed because plaintiff fails to state a claim under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Lake County claims that plaintiff's indemnification claim is improperly premised on a theory of *respondeat superior*, a theory not tenable under *Monell* and its progeny. Yet, plaintiff's indemnification claim against Lake County is not premised on *Monell* liability – it is premised on the State indemnification statute. *See Vinson v. Vermilion Cty., Illinois*, 776 F.3d 924, n. 4 (7th Cir. 2015) ("*Monell* was irrelevant to the theory on which the [plaintiffs] sought to hold the Counties and the elected Sheriffs liable. Their claims against the Counties and Sheriffs were essentially claims for indemnification under state law. . . Had the [plaintiffs] sought *respondeat superior* liability against the Sheriffs in their section 1983 claim, the court would have been

correct that *Monell* and a host of later cases firmly establish that there is no *respondeat superior* liability under section 1983."). Thus, the third ground identified by Lake County does not serve as a basis for dismissal.

        D.      *Lake County does not Employ the Deputy Sheriff Defendants*

Lake County's final argument is that it is not the proper defendant for purposes of indemnifying the deputy sheriff defendants. First, it claims that it does not employ the defendants. (DE # 15 at 4.) Second, it argues that it does not have the authority to control the actions of the Sheriff's Department, and thus is not the proper party for indemnification of actions taken by Sheriff Department employees. (*Id.*) Lake County's first argument is a misstatement of Indiana law. Indiana law provides, "[a] county police force is established in each county. The members are employees of the county . . . ." Ind. Code § 36-8-10-4(a). However, the court will consider defendant's broader argument that the Sheriff's Department, and not the County, is the proper party for purposes of indemnification.

The indemnification statute provides that a "governmental entity" shall indemnify certain judgments against public employees. Ind. Code § 34-13-4-1. The question, then, is whether it is the Sheriff's Department or the County that is the "governmental entity" liable to indemnify a deputy sheriff. This question does not appear to have been answered by either Indiana courts or the Seventh Circuit. Moreover, neither party has pointed to authority that answers this question.

Lake County relies on *Donahue v. St. Joseph Cty. ex rel. Bd. of Comm'rs of St. Joseph Cty.*, 720 N.E.2d 1236, 1241 (Ind. Ct. App. 1999), for the proposition that it cannot be liable under a theory of *respondeat superior* because the County does not have an agency relationship with the Sheriff's Department. However, as previously noted, plaintiff has not asserted a claim against Lake County for *respondeat superior* liability.

Plaintiff argues that, '[i]n seeking a claim for indemnification, Plaintiff is essentially naming the county simply as a necessary party under Fed. R. Civ. P. 19 as an indemnor of the individually-named Defendants." (DE # 21 at 4.) Plaintiff points to *Carver v. Sheriff of LaSalle Cty.*, 324 F.3d 947 (7th Cir. 2003), in which the Seventh Circuit held that, under Illinois law, when a sheriff is sued in his official capacity, the Illinois county in which the sheriff serves is a necessary party under Rule 19. Plaintiff does not, however, acknowledge *Askew v. Sheriff of Cook Cty., Ill.*, 568 F.3d 632 (7th Cir. 2009), in which the Seventh Circuit found that – unlike a sheriff sued in his official capacity – the county is not a necessary party under Rule 19 when a county employee is sued in his individual capacity. Here, the deputy sheriffs were named in their individual capacities. Furthermore, there is no question of whether Lake County should be joined as a necessary party because it has already been named as a defendant.

While no relevant case law exists to assist the court in determining whether Lake County is the proper party to indemnify a deputy sheriff, the plain language of the Indiana Code reveals that it is Lake County, and not the Lake County Sheriff's Department, that is the "governmental entity" liable for indemnifying the deputy

sheriff defendants pursuant to Section 34-13-4-1.

The Indiana Code defines "governmental entity" for purposes of Chapter 34-13-4, as "the state or a political subdivision of the state." Ind. Code § 34-6-2-49(a). "'Political subdivision' means municipal corporation or special taxing district." Ind. Code § 36-1-2-13. "'Municipal corporation' means unit, school corporation, library district, local housing authority, fire protection district, public transportation corporation, local building authority, local hospital authority or corporation, local airport authority, special service district, or other separate local governmental entity that may sue and be sued. The term does not include special taxing district." Ind. Code § 36-1-2-10.[2] "'Unit' means county, municipality, or township." Ind. Code § 36-1-2-23. Thus, under Indiana law, a county qualifies as a "governmental entity." The question, then, is whether the Lake County Sheriff's Department also qualifies as a "separate local governmental entity that may sue and be sued." Ind. Code § 36-1-2-10. If so, it too would qualify as "governmental entity" for purposes of Section 34-13-4-1.

The capacity of a party to sue or be sued, for those who are not individuals or corporations, is determined by the law of the state where the court is located. Fed. R. Civ. P. 17(b)(3). While local governmental entities may be subject to suit for constitutional violations pursuant to 42 U.S.C. § 1983, *Monell*, 436 U.S. at 690, "local

---

[2] Indiana law distinguishes between a "municipal corporation" and a "municipality." "'Municipality' means city or town," Ind. Code § 36-1-2-11, while a municipal corporation includes entities such as counties.

government liability under § 1983 'is dependent on an analysis of state law.'" *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (quoting *McMillian v. Monroe Cty.*, 520 U.S. 781, 786 (1997)).

Both Indiana courts and the Seventh Circuit have found that local governmental departments are not entities that may be sued in their own right under Indiana law. *See e.g. Hoosier Mountain Bike Ass'n, Inc. v. Kaler*, 73 N.E.3d 712, n. 3 (Ind. Ct. App. 2017); *City of Peru v. Lewis*, 950 N.E.2d 1, 4 (Ind. Ct. App. 2011); *Jennings v. City of Indianapolis*, 637 F. App'x 216, n. 1 (7th Cir. 2016); *Dewitt v. City of Greendale, Ind.*, 599 F. App'x 588, 589 (7th Cir. 2015); *Ball v. City of Indianapolis*, 760 F.3d 636, 643 (7th Cir. 2014).

In fact, the Seventh Circuit relied on the same statutory definitions discussed above to determine that a municipal police department was not a suable entity under Indiana law. "Under Indiana law, a '[m]unicipal corporation' is a 'unit, . . . or other separate local governmental entity that may sue and be sued.' A '[u]nit' means county, municipality, or township,' and a '[m]unicipality' is a 'city or town[.]' Thus, the Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued." *Sow*, 636 F.3d at 300 (internal citations omitted).

While the Seventh Circuit in *Sow* considered the question in the context of a municipal police department, the Court's analysis applies equally to county sheriff's departments. Other district courts in this Circuit have also concluded that county sheriff departments are not suable entities under Indiana law. *See e.g. Lamb v. Harrison Cty. Sheriff Dep't*, 2017 WL 3605284, at *3 (S.D. Ind. Aug. 22, 2017); *Marks v. Indiana*, 2015 WL

8

4421338, at *2 (N.D. Ind. July 17, 2015); *Miller v. St. Joseph Cty.*, 2014 WL 3740175, at *9 (N.D. Ind. July 30, 2014), *aff'd*, 788 F.3d 714 (7th Cir. 2015); *Beiler v. Jay County Sheriff's Office*, 2012 WL 2880563, at *2 (N.D.Ind. July 13, 2012); *Fermaglich v. Indiana*, 2004 WL 2750262, at *21 (S.D. Ind. Sept. 29, 2004). *See also Slay v. Marion Cty. Sheriff's Dep't*, 603 N.E.2d 877, 887 (Ind. Ct. App. 1992) (*cited with approval in Dewitt v. City of Greendale, Ind.*, 599 F. App'x 588, 589 (7th Cir. 2015)).

In light of the foregoing, it is plain that the Lake County Sheriff's Department is not a "separate local governmental entity that may sue and be sued," and thus does not qualify as "governmental entity" that may be liable for indemnification pursuant to Section 34-13-4-1. Lake County, however, does meet this definition, and therefore may be required to indemnify deputy sheriff E. Saavaedra or deputy sheriff R. Watts. Lake County is not an improperly named party, and Lake County's motion to dismiss on this ground is denied.

## IV. CONCLUSION

For these reasons, the court **DENIES** defendant Lake County's motion to dismiss. (DE # 15.)

**SO ORDERED.**

Date: July 3, 2018

                          s/James T. Moody_____
                          JUDGE JAMES T. MOODY
                          UNITED STATES DISTRICT